People v Robinson (2024 NY Slip Op 06617)

People v Robinson

2024 NY Slip Op 06617

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2017-06002
 (Ind. No. 695/16)

[*1]The People of the State of New York, respondent,
v
Michael Robinson, appellant.

Geoffrey E. Chanin, Goshen, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Edward D. Saslaw of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered May 4, 2017, convicting him of criminal possession of a weapon in the second degree and resisting arrest, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during opening statements, by the introduction of DNA evidence, and by the testimony of his accomplices is unpreserved for appellate review (see CPL 470.05[2]), and, in any event, without merit.
The defendant's contention that the evidence was legally insufficient to support his convictions is only partially preserved for appellate review (see id.). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
BARROS, J.P., GENOVESI, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court